COOK, Circuit Judge,
dissenting.
While I agree with the majority that the district court properly denied intervention of right, I differ on the subject of permissive intervention — I think the district court properly denied it. The district court’s April 22, 2003 order did not impair the Banks’ ability to challenge Wuliger’s standing. In a proceeding unrelated to that order, the Banks moved to dismiss Wuliger’s claims for lack of standing, but the district court denied the motion on grounds independent of the April 22, 2003 order. Wuliger v. Liberty Bank, N.A., No. 3:02 CV 1378, slip op. at 11 (N.D.Ohio March 4, 2004) (“Because this Court finds the Receiver has standing to bring this action on behalf of the VES and CFL entities, it is unnecessary to discuss the propriety of the Receiver’s standing as it pertains to investor claims.”).
And even if the district court did abuse its discretion in denying permissive intervention, the proper course would be to remand to allow the district court to reevaluate its denial, rather than grant intervention. Where neither the record nor the district court’s opinion indicates the basis for denying permissive intervention, the proper action for this court is to remand to the district court for further proceedings. Mich. State AFL-CIO v. Miller, 103 F.3d 1240, 1248 (6th Cir.1997) (“Had we not concluded that the district court should have granted the Chamber intervention as of right, we would be compelled to remand for further development of the record as to the appropriateness of permissive intervention.”).
*222 Because granting the Banks’ motion to intervene will only delay the pending litigation, I would affirm the district court’s order denying permissive intervention.